IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM PAUL SHAVER,  §<br>§ Petitioner, §<br>§<br>v.  §<br>§<br>REBECCA TAMEZ, Warden,  §<br>FCI-Fort Worth,  §<br>§ Respondent. § | Civil Action No. 4:09-CV-720-Y |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.    PARTIES**

Petitioner William Paul Shaver, Reg. No. 30030-008, is a federal prisoner currently incarcerated in FCI-Fort Worth in Fort Worth, Texas.

The Respondent is Rebecca Tamez, Warden of FCI-Fort Worth.

**C. PROCEDURAL HISTORY**

On July 31, 2004, Shaver was arrested by local authorities in Bellmead, Texas, for Theft. (Resp't Appendix, Exhibit A, Attachment 1) On May 26, 2006, Shaver was sentenced in state court to two concurrent 3-year terms of confinement for Theft $20,000-$100,000 (Case No. 0945454D) and Theft of a Motor Vehicle $20,000-$100,000 (Case No. 0943336D). (Resp't Appendix, Exhibit A, Attachment 2) While serving his state sentences, Shaver was temporarily transferred to the custody of the United States Marshals Service and charged with Theft of Mail Matter (Count 1), Altering Financial Obligations (Count 2), Possessing Counterfeit Obligations (Count 3), and Access Device Fraud (Count 4) in the Waco Division of the United States District Court for the Western District of Texas. (Resp't Appendix, Exhibit A, Attachments 3 & 4) On April 21, 2006, Shaver appeared in court, pled guilty to the federal offenses, and received a 60-month term of imprisonment on Count 1 and a 120-month term of imprisonment on each remaining count, ordered to be served concurrently with each other and with his Tarrant County convictions in Case Nos. 0945454D and 0943336D. Additionally, while in federal custody, Shaver was sentenced in state court to two years' imprisonment for Theft on April 20, 2006. Shaver was thereafter returned to state custody. While serving his state sentences, Shaver received two additional convictions in state court and was sentenced to ten months' imprisonment on May 19, 2006, and 365 days' imprisonment on May 24, 2006, to run concurrent to his previously imposed sentences. On April 18, 2008, Shaver was released from his state sentences to federal custody to serve the remainder of his federal sentences. (Petition, Attachment, Resp. to Adm. Appeal) His projected release date with good time credit is March 4, 2014. (Resp't Appendix, Exhibit A, Attachment 6)

In this petition, Shaver disputes the Bureau of Prisons's sentence computation calculation. Specifically, he seeks presentence credit from May 25, 2005, through April 12, 2006. Having exhausted his administrative remedies, Shaver filed this petition, which was transferred from the Waco Division to this division. The government has filed a motion to dismiss and a response to the petition with supporting documentary exhibits, to which Shaver filed a reply.

**D. DISCUSSION**

The government contends the petition should be dismissed for failure to state a claim upon which relief may be granted or denied on the merits. Evidence has been provided that the Bureau adjusted its calculation as a result of the administrative appeals process to reflect presentence credit toward Shaver's federal sentences for the period of time he spent in state custody from July 31, 2004, the date of his arrest, through May 25, 2006, the day prior to sentencing in state court in Case Nos. 0943336 and 0945454. The government argues that Shaver is not entitled to any further prior custody credit than that which he has already received. (Resp't Motion to Dismiss at 4-5 )

18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," is the statute authorizing the award of presentence credit. The statute provides:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> > **(1)** as a result of the offense for which the sentence was imposed; or
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence*.  (Emphasis added)

Thus, § 3585(b) authorizes credit for time spent in official detention prior to the imposition of a federal sentence that has not been credited against another sentence. Notwithstanding this limitation, pursuant to *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), in certain instances, and, where a defendant's state and federal sentences have been specifically ordered to be served concurrently, time spent in presentence state custody attributable to the federal offense may be credited toward time served on a federal sentence even if the defendant was given credit on his state sentence for that period of time. *See Chaplin v. United States*, 451. F.2d 179, 181 (5th Cir. 1971); *Redcliffe v. Clark*, 451 F.2d 250, 252 (5th Cir. 1971); *Willis*, 438 F.2d at 925.[1]

Because his state and federal sentences were ordered to run concurrently, Shaver's federal sentence began on April 21, 2006, the date sentence was imposed. *See United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (providing the earliest date a federal sentence can commence is the date on which it is imposed). Shaver is not entitled to presentence credit toward his federal sentence for the period of May 26, 2006, through April 18, 2008. During that time he was actually serving his state sentences and he received credit against his state sentences for the relevant period of incarceration. *See* 18 U.S.C. § 3585(b); *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971). Shaver received presentence credit toward his federal sentence for the period of time he spent in state custody from July 31, 2004, through May 25, 2006, the day prior to sentencing in state court,

---

[1]The Bureau has incorporated the *Willis* exception in Program Statement 5880.28. Program Statement 5880.28(2)(c) provides that if a prisoner's federal and state sentences are concurrent, and the federal sentence is to run longer than the state sentence (not counting any credits), "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal. These time credits are known as *Willis* time credits. ( *See Willis v. U.S.,* 449 F.2d 923 (CA 5 1971)." (Resp't Appendix, Exhibit A, Attachment 7)

**Findings, Conclusions and Recommendations
of the United States Magistrate Judge—Page 4 of 6**

in accordance with *Willis*. Thus, the government is correct in its assertion that Shaver has received all presentence credit toward his federal sentence to which he is entitled.

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that the government's motion to dismiss should be granted to the extent this petition for writ of habeas corpus is denied (docket entry #9). The government's motion to seal Attachments 1, 3 and 4 to Exhibit A of the government's appendix to its motion to dismiss and response is granted (docket entry #12).

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 26, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 26, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 5, 2010.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE